**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

Nos. 24-11872, 24-12591
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

CHARLES BERNARD LONG,

*Defendant-Appellant.*

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cr-00207-CEM-LHP-1
_____

Before ROSENBAUM, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

After pleading guilty, Charles Long appeals his sentence of 78 months of imprisonment for possession of child pornography,

in violation of 18 U.S.C. § 2252A(a)(5)(B).  At sentencing, the district court held Long accountable for possessing 22 images and 238 videos of child pornography.  The court found that each video was deemed to count as 75 images, so it applied a five-level enhancement for possessing 600 or more images of child pornography.  *See* U.S.S.G. § 2G2.2 § (b)(7)(D).  On appeal, Long contends that the court plainly erred by deferring to the Sentencing Commission's commentary that a video "shall be considered to have 75 images." U.S.S.G. § 2G2.2, cmt. n.6(B)(ii).

While this case was pending on appeal, a panel of this Court issued *United States v. Kluge*, which held that "§ 2G2.2(b)(7) unambiguously dictates that each video frame containing child pornography counts as one image."  147 F.4th 1291, 1301 (11th Cir. 2025). *Kluge* explained that deference to the commentary was not appropriate because "'images' as used in § 2G2.2(b)(7) is plain and unambiguous," and "there is no doubt that 'image' means 'frame' in the context of a video."  *See id.* at 1298–1300.  Thus, *Kluge* is clear that the district court erred by deferring to the commentary's 75-image-per-video rule when calculating Long's guideline range.

Because Long raised this guideline objection for the first time on appeal, however, our review is for plain error.  *United States v. Bankston*, 945 F.3d 1316, 1318 (11th Cir. 2019).  And "unlike harmless error—where the government carries the burden—the onus of establishing prejudice under plain error rests with the defendant." *United States v. Margarita Garcia*, 906 F.3d 1255, 1267 (11th Cir.

2018). "To demonstrate prejudice, a defendant must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *United States v. Edwards*, 142 F.4th 1270, 1281 (11th Cir. 2025) (quotation marks omitted).

Long has not met his burden to show that his substantial rights were affected. He argues only for a one-*video*-one-image rule, which we rejected in *Kluge*. He identifies no conceivable grounds to conclude that the "one-*frame*-one-image rule" is likely to result in a lower number of images than the 75-image-per-video rule that the district court applied. Rather, as he recognizes, as did the parties and the court in *Kluge*, the one-frame-one-image rule is likely to increase the number of images for which a possessor of a video is held accountable. For instance, a 30-second video at a standard rate of 24 frames per second would contain more than 600 frames, or images, on its own. Long possessed 238 videos, up to 25 minutes in length. We see no genuine possibility that Long would be held accountable for fewer than 600 images on remand through application of the proper standard under § 2G2.2(b)(7).

In light of *Kluge*, Long has not shown that any error in deferring to § 2G2.2's commentary affected his guideline range or his resulting sentence. Accordingly, he is not entitled to relief on plain-error review. *See Edwards*, 142 F.4th at 1281. We affirm his sentence.

**AFFIRMED.**